# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LISA SHANKUS, | |
| Plaintiff, | Case No. |
| -vs- | |
| FIFTH THIRD BANK, N.A., | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, LISA SHANKUS (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, FIFTH THIRD BANK, N.A. (hereinafter "Fifth Third"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Macomb County in the State of Michigan; Fifth Third transacts business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Fifth Third is an FDIC insured national bank headquartered at 38 Fountain Square Plaza in Cincinnati, Ohio 45202 that upon information and belief conducts business in the State of Michigan.

11. Fifth Third is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

12. Fifth Third furnished information about Plaintiff to Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

13. Plaintiff has four mortgage accounts with Fifth Third.

14. Plaintiff has always made timely payments throughout the life of each mortgage.

15. Due to Covid-19 related reasons, Plaintiff requested a forbearance on all of her mortgage loans with Fifth Third.

16. On or about March 2021, Plaintiff became aware that Trans Union was reporting one of the Fifth Third mortgages, partial account number 3200*, as late.

17. Upon learning of the late payment being reported on her Trans Union credit report, Plaintiff contacted Fifth Third who advised Trans Union was reporting Fifth Third, partial account number 3200*, incorrectly and Plaintiff needed to contact Trans Union.

18. On or about March of 2021, Plaintiff contacted Trans Union to dispute the inaccurate late payment status of Fifth Third, partial account number 3200*. It was Plaintiff's understanding that Trans Union corrected the pay status of the disputed account.

19. On or about January 2022, Plaintiff applied with Fifth Third to refinance all her mortgages including Fifth Third, partial account number 3200*. During the refinance application process, Plaintiff learned that Trans Union was again reporting Fifth Third, partial account number 3200*, as having a late payment in March 2021.

20. On or about January 2022, Plaintiff again contacted Trans Union by phone to dispute the incorrect late payment status for Fifth Third, partial account number 3200*.

21. On February 3, 2022, Plaintiff received a letter from Fifth Third that her applications to refinance her mortgages were denied.

22. Over the course of approximately 11 months, Plaintiff would call Trans Union numerous times to dispute the late pay status of Fifth Third, partial account

number 3200*, reporting on her credit report, including but not limited to, phone calls on or about July 6, 2022, September 12, 2022, and October 26, 2022.

23. After the communication on July 6, 2022, with Trans Union, the pay status was corrected, but after some time, Trans Union began to again report the late pay status.

24. On or about September 12, 2022, the same day as Plaintiff's telephone dispute to Trans Union, Fifth Third, partial account number 3200*, was verified as accurate.

25. Upon information and belief, Trans Union notified Fifth Third of Plaintiff's dispute. However, Fifth Third failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

26. On December 1, 2022, Plaintiff received a letter from Trans Union stating, "we determined the late payment on Fifth Third Bank #3200xxxxx should not be reported".

27. During the relevant time period and due to the incorrect reporting by Trans Union, Plaintiff was denied refinancing on four mortgage loans with Fifth Third and was forced to pay a higher interest rate on an auto loan.

28. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Fifth Third's actions;

    iv. Reduction in credit score;

    v. Apprehensiveness to apply for a business loan due to the fear of rejection; and

    vi. Defamation as Fifth Third reported inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Fifth Third Bank, N.A. (Negligent)**

29. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30. Fifth Third furnished inaccurate account information to Trans Union and through Trans Union to all of Plaintiff's potential lenders.

31. After receiving Plaintiff's disputes, Fifth Third violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

32. Plaintiff provided all the relevant information and documents necessary for Fifth Third to have identified that the account status was erroneous.

33. Fifth Third knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

34. Fifth Third violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

35. As a direct result of this conduct, action, and/or inaction of Fifth Third, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

36. The conduct, action, and inaction of Fifth Third was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from Fifth Third in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, LISA SHANKUS, respectfully requests that this Court award actual damages against Defendant, FIFTH THIRD BANK, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Fifth Third Bank, N.A. (Willful)

38. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

39. Fifth Third furnished inaccurate account information to Trans Union and through Trans Union to all of Plaintiff's potential lenders.

40. After receiving Plaintiff's disputes, Fifth Third violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii)

failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

41. Plaintiff provided all the relevant information and documents necessary for Fifth Third to have identified that the account status was erroneous.

42. Fifth Third knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

43. Fifth Third violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

44. As a direct result of this conduct, action, and/or inaction of Fifth Third, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

45. The conduct, action, and inaction of Fifth Third was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

46. Plaintiff is entitled to recover costs and attorney's fees from Fifth Third in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, LISA SHANKUS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FIFTH THIRD BANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LISA SHANKUS, demands judgment for actual, statutory, and punitive damages against Defendant, FIFTH THIRD BANK, N.A., for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, specific performance and injunctive relief; and such other such relief the Court may deem just and proper.

Dated this 18th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC

        501 Kennedy Blvd, Suite 610
        Tampa, Florida 33602
        Cell: (813) 299-8537
        Facsimile: (844) 951-3933
        Tav@theconsumerlawyers.com
        *Attorney for Plaintiff*